Sosman, J.
Plaintiffs Boston Mortgage Group, Inc. (“BMG”), David Ouellete and Margaret Donoghue have brought the present action complaining that defendant Thomas Marroni failed to abide by the terms of an agreement severing Marroni’s prior relationship *546 with BMG, falsely misrepresented to others that he still had an ownership interest in BMG (thereby thwarting a proposed sale of BMG), wrongfully diverted funds and corporate opportunities of BMG to himself and his corporation (defendant New Boston Mortgage Corporation (“NBMC”)), and defamed BMG and its current principals. In their answer, defendants asserted counterclaims for abuse of process, defamation and violation of G.L.c. 93A. Defendants Marroni and Kerrie Maroney (a former employee of BMG now working at NBMC) also claimed that BMG had failed to pay certain commissions and salary owed to them. On the ground that he was still a stockholder in BMG, defendant Marroni also sought an accounting and access to the books and records of BMG. Plaintiffs have now filed a G.L.c. 231, §59H special motion to dismiss the abuse of process, defamation and G.L.c. 93A counterclaims. For the following reasons, the special motion to dismiss counterclaims is ALLOWED.
Facts
On February 26, 1998, plaintiffs filed the present action alleging that defendant Marroni had formerly been a part owner of BMG but that his ownership interest had been bought out by agreement amongst the then owners. Plaintiffs alleged that all conditions precedent to Marroni’s transfer of his stock had occurred and that Marroni was wrongfully refusing to complete that transfer. The complaint further alleged that the current owners of BMG had received a lucrative offer from potential purchasers of their stock, that Marroni had then wrongfully asserted a continued ownership interest in order to try and participate in the proceeds from such a sale, and that Marroni’s doing so had caused the potential purchasers to back away from the deal. Included in those allegations were statements to the effect that Marroni had a bad reputation within the mortgage lending industry and that the purchasers had shied away from the transaction because of Marroni’s allegedly unsavory reputation.
Plaintiffs also sought a preliminary injunction and filed various affidavits from third parties (including the potential purchasers) attesting to their unfavorable experiences with Marroni and his poor reputation in the industry. On March 12, 1998, the court issued a preliminary injunction preventing Marroni from transferring or disposing of the BMG stock he still held and from stating or representing to others that he held any stock or had any proprietary interest in BMG.
Defendants’ Answer, Affirmative Defenses and Counterclaims was filed on March 20, 1998. In Count I of the counterclaim, defendants alleged that plaintiffs “know or should have known that the allegations contained in the Verified Complaint against NBMC, Marroni and Maroney are false and without merit,” that the action was commenced “in order to accomplish an ulterior purpose,” and that plaintiffs thereby “have perverted the use of legitimate process and have caused NBMC, Marroni and Maroney damages.” In Count II, defendants alleged that “[t]he allegations of [plaintiffs] concerning the conversion of checks in the Verified Complaint and elsewhere are false,” that “[t]he allegations of [plaintiffs] concerning Marroni and his character contained in the Verified Complaint and elsewhere are false and not relevant or material to any issue raised by the Verified Complaint,” that plaintiffs “knew or should [have known] that such statements were false,” that the statements “were not privileged," and that defendants had been damaged by publication of the statements. In Count III, defendants alleged that “[t]he acts and practices as described above” were in violation of G.L.c. 93A.
Discussion
Pursuantto G.L.c. 231, §59H, a party against whom a claim has been brought “based on said party’s exercise of its right of petition” may bring a special motion to dismiss. The motion is to be granted unless the claimant shows that the moving parly’s exercise of his right of petition “was devoid of any reasonable factual support or any arguable basis in law” and that the moving party’s conduct “caused actual injuiy to” the claimant. The statute defines “exercise of its right of petition” broadly to include “any written or oral statement made before or submitted to a legislative, executive, or judicial body,” “any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body,” and “any statement reasonably likely to enlist public participation in an effort to effect such consideration.”
The three counterclaims that are the subject of the present special motion to dismiss are all “based on” plaintiffs’ exercise of their right of petition. These counterclaims are not merely prompted by plaintiffs’ filing of the complaint and preliminary injunction motion in this case. See Duracraft Corp. v. Holmes Products Corp., 427 Mass. 156, 168 n.20 (1998). The conduct complained of is the filing of those items. The filing of the Verified Complaint is the alleged abuse of process, the statements made in the complaint and in the preliminary injunction motion are the alleged defamatory statements;[1] and that abuse of process and defamation are alleged to be unfair and deceptive trade practices. The counterclaims are thus based solely on plaintiffs’ exercise of their right to petition.
In opposition to this motion, defendants have not met their burden of showing that plaintiffs’ exercise of their right to petition this court was “devoid of any reasonable factual support or any arguable basis in law.” A claimant cannot defeat a special motion to dismiss merely by showing that its own claims are meritorious. The focus is on whether the movant’s exercise of the right of petition was devoid of factual support or legal basis. Duracraft, 427 Mass. at 165. In other words, Marroni could not defeat this special motion to dismiss merely by showing that certain of plaintiffs’ statements about him were false (a showing *547 that he has not even made at this point). Rather, he would have to show that plaintiffs’ pursuit of this case was devoid of factual support or a basis in law. If the petitioning activity is itself non-frivolous, then statements made in the course of pursuing that activity are protected even if those specific statements lack any factual basis. Id.
Defendants have not met their burden of showing that plaintiffs’ case against them is devoid of “reasonable factual support” or “arguable basis in law.” Indeed, certain of plaintiffs’ allegations are supported by affidavits from numerous third parties. In issuing a preliminary injunction, this court (Butler, J.) has already determined that there is sufficient likelihood of success on plaintiffs, claims to warrant maintaining the status quo and preventing Marroni from publicly asserting any continued ownership interest in BMG. It of course remains to be seen whether plaintiffs will actually prevail on the merits of any or all of their multiple claims, but the claims are not “devoid of any reasonable factual support or any arguable basis in law.”
Accordingly, plaintiffs are entitled to dismissal of Counts I, II and III of defendants’ counterclaims and to an award of costs and attorneys fees incurred in connection with this special motion to dismiss.
ORDER
For the foregoing reasons, Plaintiffs’ Special Motion to Dismiss Counterclaim is ALLOWED as to Counts I, II and III of said counterclaims and plaintiffs are hereby awarded attorneys fees and costs in the amount of $3,000.

At oral argument, defendants pointed out that the counterclaim complains of untrue statements being made in the Verified Complaint “and elsewhere.” However, the only “elsewhere” that defendants were aware of was the preliminary injunction motion and affidavits, which are unquestionably part of plaintiffs’ petitioning to this court. Defendants further hypothesized that, in getting non-party witnesses to submit affidavits adverse to Marroni, plaintiffs had communicated false statements about Marroni to those non-parties. That plaintiffs and/or their counsel succeeded in convincing others to come forward and submit to the court information about their past dealings with Marroni does not by itself suggest that plaintiffs or their counsel defamed Marroni. Moreover, any statement made to potential witnesses in an effort to get those witnesses to submit statements to the court would also qualify as protected petitioning activity, as it would be a “statement reasonably likely to enlist public participation in an effort to effect such consideration” by a judicial body.